**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 20-cv-01126-CMA-KLM**

VICTOR L. JORDON JR., an individual,

    Plaintiff,

v.

MICHAEL DEGRETTO, individually and in his official capacity as a Supervisor of Arapahoe County Department of Human Services, Division of Child Welfare,
BRITTANY NOBLE, individually and in her official capacity as a Caseworker for Arapahoe County Department of Human Services, Division of Child Welfare,
KATIE FOSTER, individually and in her official capacity as a Caseworker for Arapahoe County Department of Human Services, Division of Child Welfare,
ERICA LIPNER-BERNSTEIN, individually and in her official capacity as a Caseworker for Arapahoe County Department of Human Services, Division of Child Welfare,
PENELOPE CHIHA, individually and in her official capacity as a Caseworker for Arapahoe County Department of Human Services, Division of Child Welfare,
ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES,

    Defendants.

---

**UNOPPOSED MOTION TO FILE DOCUMENTS UNDER LEVEL 1 RESTRICTION
AND RESTRICT PUBLIC ACCESS**

---

Defendants Michael DeGretto, Brittany Noble, Katie Foster, Penelope Chiha, and the Arapahoe County Department of Human Services ("ACDHS") (collectively, "County Defendants"), through counsel, hereby move the Court pursuant to D.C.COLO.LCivR 7.2 to accept the filing of the documents described herein under Level 1 restriction and restrict public access to the same. In support, the County Defendants provide as follows:

    1.    The above-captioned action arises from an on-going state court dependency and neglect action (the "State D&N Action") in which Plaintiff's children were

removed from his home by the ACDHS following an investigation into claims of domestic violence and child abuse by Plaintiff Victor Jordon ("Mr. Jordon"). Mr. Jordon, unhappy with the rulings in the State D&N Action, asserts five claims all of which require this court to revisit issues decided by the state court. Specifically, Plaintiff asserts three civil rights claims pursuant to 42 U.S.C. § 1983, claiming the County Defendants violated his 14th Amendment rights to familial association by removing his children and violated his 4th and 14th Amendment rights by interviewing his children at school outside his presence and without his consent. Plaintiff also includes a claim for the violation of a federal criminal statute, 18 U.S.C. § 1001, and a state law tort claim for outrageous conduct.

2.  Under Colorado law, records and information generated during a dependency and neglect action are confidential and protected from disclosure. COLO. REV. STAT. §§ 19-1-303(1)(b) (agencies and individuals shall maintain the confidentiality of the information obtained in performing duties and functions under dependency and neglect statutes); § 19-1-307(1)(a) ("[R]eports of child abuse or neglect and the name and address of any child, family, or informant or any identifying information contained in such reports shall be confidential and shall not be public information."); § 26-1-114 (state department of human services may establish rules to provide safeguards restricting the use or disclosure of information concerning federally aided public assistance, including but not limited to child welfare services); *see also* 12 CCR 2509-1, § 7.000.72. (requiring county departments to keep such information confidential).

3.  The federal Child Abuse Prevention and Treatment Act (CAPTA), 42 U.S.C. § 5101 *et seq.*, also recognizes the confidentiality of dependency and neglect records.

2

Under CAPTA, a state seeking federal funding must submit a compliance plan that provides for methods to preserve the confidentiality of child abuse and neglect records. 42 U.S.C. § 5106a.[1]

4. Pursuant to COLO. REV. STAT. §§ 19-1-307(2), only specified individuals and parties may be given access to child abuse or neglect records and information. However, courts are permitted such access pursuant to subsection 307(2)(f), which provides that a court, upon a finding that access to such records may be necessary for determination of an issue before such court, may permit access to such records when it "determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it." CAPTA similarly states reports and records shall only be made available to specified individuals and parties, including, "(V) a grand jury or court, upon a finding that information in the record is necessary for the determination of an issue before the court or grand jury." 42 U.S.C. § 5106a(b)(2)(B)(viii).

5. The County Defendants filed their Motion to Dismiss [Doc. #7]. The motion is supported with exhibits, some of which contain, in whole or in part, confidential information as described above. The County Defendants submitted the following from the State D&N Action: Amended Petition-Dependent or Neglected Children (Exhibit A-1, Doc. #8), Adjudicatory Order – Victor Jordon Jr. (Exhibit A-2, Doc. #8-1), D&N Docket (Exhibit

---

[1] Defendants would ask the Court to take judicial notice of the fact that the Colorado Department of Human Services and, derivatively, the Arapahoe County Department of Human Services receive federal funding with respect to their child abuse prevention and treatment programs. FED. R. EVID. 201(b).

A-3, Doc. #8-2), and Order re: Motion for Permanent Allocation of Parental Responsibility (Exhibit A-4, Doc. #8-3).

6. The movants are seeking **Level 1 Restriction** with regard to the exhibits attached to their Motion to Dismiss, exhibits A-1 through A-4.

7. Apart from the public policy purposes served by the confidentiality restrictions imposed on the disclosure of dependency and neglect proceedings, records and information under state law, the County Defendants submit that the disclosure of the redacted and/or sealed information contained in their filings could needlessly expose the children and other persons who are not parties to this litigation, and who have through no fault of their own been caught up in Plaintiff's action, embarrassment and/or humiliation absent any countervailing public interest or need.

8. Plaintiff in this action has been consulted on this matter and agrees to the importance of maintaining records from the State D&N Action in confidence, and does not oppose the motion.

WHEREFORE, the County Defendants, with the consent and approval of the other party in this action, request that the Court accept the documents identified above for filing under seal and restrict access thereto by members of the public, granting the records Level 1 Restricted Access.

Submitted this 7th day of July 2020.

                                          **Arapahoe County Attorney's Office**

By: *s/ Writer Mott*
Writer Mott
Deputy County Attorney
Rebecca M. Taylor
Assistant County Attorney
5334 S. Prince Street
Littleton, CO 80120-1136
Tele: 303-795-4639
E-mail: Wmott@arapahoegov.com
       Rtaylor@arapahoegov.com

***Attorneys for Defendants Michael DeGretto, Brittany Noble, Katie Foster, Penelope Chiha, and the Arapahoe County Department of Human Services***

## Certificate of Service

This is to certify that on the 7th day of July 2020, I electronically filed the foregoing **UNOPPOSED MOTION TO FILE DOCUMENTS UNDER LEVEL 1 RESTRICTION AND RESTRICT PUBLIC ACCESS** with the Clerk of Court using the CM/ECF system and that a true and accurate copy of the same was sent by Regular U.S. Mail, postage prepaid, to:

Victor Jordon
646 Greenbay Avenue
Calumet City, IL 60409


*s/ Stacy Hines*
Stacy Hines, Paralegal
Arapahoe County Attorney's Office

5